J-S68035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH REED | : | |
| | : | |
| Appellant | : | No. 641 WDA 2018 |

Appeal from the Judgment of Sentence April 17, 2018
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0001246-2014

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JANUARY 07, 2019**

Appellant, Keith Reed, appeals from the judgment of sentence of twenty to forty years of confinement, which was imposed after his jury trial conviction for conspiracy to commit murder of the third degree.[1]  We affirm.

On March 30, 2014, Appellant conspired with Joshua Cambric and Jeremy Woodard in the shooting death of Tony Phillips in the parking lot of Edder's Den, a bar in Johnstown, Cambria County.  The Johnstown Police Department filed a written criminal complaint against Appellant on April 4, 2014, and arrested him ten days later.

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 903; 18 Pa.C.S. § 2502(c).

On October 9, 2014, the Commonwealth filed a motion to consolidate the trials of all three conspirators, which the trial court denied. On January 12, 2015, the Commonwealth filed a notice of appeal to this Court from the order denying consolidation, along with a certification pursuant to Pa.R.A.P. 311(d)[2] that the trial court's order denying consolidation "will terminate or substantially handicap the prosecution." Notice of Appeal, 1/12/2015. This Court quashed the Commonwealth's appeal, explaining:

> While the Commonwealth's good faith certification under Rule 311(d) is entitled to some deference, this Court need not accept its good faith certification in every case. . . . Here, the Commonwealth is free to seek conviction on all counts, against each defendant, in three separate trials. Therefore, denial of the motion for joinder does not terminate or substantially handicap the prosecution and is not appealable under Rule 311(d).

*Commonwealth v. Woodard*, 136 A.3d 1003, 1006-07 (Pa. Super. 2016) (quoting, in part, *Commonwealth v. Wright*, 99 A.3d 565, 568 n.1 (Pa. Super. 2014)).[3] The Commonwealth sought review with our Supreme Court, which was denied on October 13, 2016. *Commonwealth v. Woodard*, 158

---

[2] "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d).

[3] Although we would normally label the prior decision "*Reed I*," the prior panel of this Court consolidated the appeals involving Reed and his co-defendants, Woodard and Cambric. *Woodard*, 136 A.3d at 1004 n.1. Because the appeal involving Woodard was the first one docketed in this Court, it is hereinafter referred to as "*Woodard*."

A.3d 1242 (Pa. Oct. 13, 2016) (table). The court of common pleas received the certified record on November 4, 2016.

On December 21, 2016, Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600(D)(1) ("Rule 600 Motion"), contending that "[t]he Commonwealth had violated Pa.R.Crim.P. 600(A)(2)(a)" by failing to begin his "trial within 365 days of the commencement of the charges. . . largely due to an improper appeal[.]" Rule 600 Motion, 12/21/16, at 5.[4] The Rule 600 Motion continued that "the Commonwealth . . . cannot be said to have exercised due diligence." *Id.* at 7.[5]

On January 6, 2017, the trial court held a hearing on the Rule 600 Motion, during which Appellant argued that the Commonwealth "appealed in bad faith." N.T., 1/6/17, at 3; *see also id.* at 4-5 (trial court confirming with Appellant that "the appeal from the denial of that [consolidation] motion was

_____

[4] Rule 600(A)(2)(a) states: "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(D)(1) provides:

> When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

[5] The Rule 600 Motion does not suggest a date by which Appellant's trial should have commenced. *See generally* Rule 600 Motion, 12/21/16.

in bad faith is what you are trying to say," and "you are saying . . . that the Commonwealth's appeal was from [an] interlocutory order and therefore was done in bad faith").

After additional hearings on the Rule 600 Motion and several other pre-trial matters, the trial court denied the Rule 600 Motion on February 1, 2017. In its March 15, 2017 opinion, the trial court explained it calculated that only 225 days had accumulated since commencement of this action by complaint, with all other time excludable or excusable. Trial Court Opinion, filed March 15, 2017, at 20. The trial court consequently determined the final Rule 600 run date, *i.e.* the date by which trial must commence, to be June 21, 2017,[6] which had not yet occurred as of its order dated February 1, 2017. **Id.** In calculating the final run date, the trial court did not include the days from January 12, 2015, when the Commonwealth filed its appeal, to November 4, 2016, when the certified record was remanded, because it found that the Commonwealth had not acted in bad faith when it filed its interlocutory appeal. **Id.** at 12, 16-18, 20.[7]

---

[6] The 365 days allowed by Pa.R.Crim.P. 600(A)(2)(a) minus the 225 accumulated days equals 140 days. 140 days after February 1, 2017, was June 21, 2017.

[7] Time is "computed as to exclude the first and include the last day of such period." 1 Pa.C.S. § 1908.

Appellant's trial commenced on March 6, 2018.[8]  The Commonwealth presented multiple witnesses, including two eyewitnesses to the shooting, and video surveillance from March 30, 2014.  On March 7, 2018, a jury convicted Appellant of conspiracy to commit murder of the third degree, but acquitted him of murder of the first degree, murder of the third degree, voluntary manslaughter, and conspiracy to commit murder of the first degree.  N.T., 3/7/18, at 103-04; Verdict Slip, dated 3/7/18, filed 3/14/18, at 1-2.[9] Appellant did not file any post-trial motions.

On April 17, 2018, the trial court sentenced Appellant to an aggregate of twenty to forty years of confinement.  At the conclusion of his sentencing hearing, Appellant and his counsel signed a document informing Appellant of his post-sentence rights, including his right to file post-sentence motions. Post-sentence Mot. Instrs., 4/17/18; **see** N.T., 4/17/18, at.  The trial court also verbally reviewed Appellant's post-sentence rights on the record, including his right to file a post-sentence motion.  **Id.** at 15-17.  The trial court

---

[8] The total number of calendar days that elapsed between the filing of the criminal complaint on April 4, 2014, and the commencement of Appellant's trial on March 6, 2018, was 1,432 days, which is greater than the 365 days allotted by Pa.R.Crim.P. 600(A)(2)(a).  However, as explained **infra**, Appellant only challenges the 661 days from January 12, 2015, to November 3, 2016. Appellant's Brief at 29.

[9] For the counts of murder of the first degree, murder of the third degree, and voluntary manslaughter, Appellant was charged as an accomplice.  N.T., 3/7/18, at 103.  Conspiracy to commit voluntary manslaughter was also listed on the verdict slip, but neither "guilty" nor "not guilty" was selected.  Verdict Slip, dated 3/7/18, filed 3/14/18, at 2.

explicitly stated: "It is not necessary that issues raised on appeal were also raised in a post-sentence motion so long as they were preserved by motion or objection before or during the sentencing hearing or in this case trial." **Id.** at 17. Appellant did not challenge the discretionary aspects of his sentence at sentencing or file any post-sentence motions.

On April 24, 2018, Appellant filed this timely direct appeal and simultaneously filed the following statement of errors complained of on appeal:

> The Appellant, KEITH REED, by and through his Court-Appointed Undersigned Counsel, filed the following Concise Statement of Matters Complained Of, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure in regards to his appealing to the Superior Court of Pennsylvania, the Judgment of Sentence which was entered against him on April 17, 2018. Accordingly, the Appellant is raising the following issues on appeal:
>
>> 1. The Appellant's conviction for one count of Criminal Conspiracy to Commit Third Degree Homicide was against the weight and sufficiency of the evidence presented at trial by the Commonwealth.
>>
>> 2. The Appellant's sentence was excessive in light of the evidence presented at trial, as well as the lack of prior felony convictions on the Appellant's record as an adult.
>>
>> 3. The Trial Court erred in denying the Appellant's Motion to Dismiss All Charges With Prejudice Pursuant to Pennsylvania Rule of Criminal Procedure 600(D)(1).

Rule 1925(b) Concise Statement of Matters Complained of, 4/24/18. The trial court entered its opinion pursuant to Pa.R.A.P. 1925(a) on July 5, 2018.

In his brief to this Court, Appellant now presents the following issues for our review:

1.      The Appellant's sentence was excessive in light of the evidence presented at trial, as well as the lack of prior felony convictions on the Appellant's record as an adult.

2.      The Appellant's conviction for one count of Criminal Conspiracy to Commit Third Degree Homicide was against the weight and sufficiency of the evidence presented at trial by the Commonwealth.

3.      The Trial Court erred in denying the Appellant's Motion to Dismiss All Charges With Prejudice Pursuant to Pennsylvania Rule of Criminal Procedure 600(D)(1).

Appellant's Brief at 7.

Appellant first challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right.  Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted).

Although Appellant filed a timely notice of appeal and his appellate brief contains a separate Pa.R.A.P. 2119(f) section, he did not properly preserve his challenge to the discretionary aspects of his sentence either at sentencing or in a motion to reconsider and modify sentence.  Thus, Appellant's first issue raised on appeal is waived.  *See Manivannan*, 186 A.3d at 489.

Appellant next contends that his conviction was against the weight of the evidence. Appellant's Brief at 20-21.[10] As a preliminary matter, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607(A). The Rule provides:

> A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

*Id.* "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P. 607, *Comment.* "If an appellant never gives the trial court the opportunity to provide relief, then there is no discretionary act that this Court can review." **Commonwealth v. Rhechiid Jones**, 191 A.3d 830, 835 (Pa. Super. 2018). A claim challenging the weight of the evidence generally cannot be raised for the first time in a Rule 1925(b) statement. **Commonwealth v. Sherwood**, 982 A.2d 483, 494 (Pa. 2009). "Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its

---

[10] Although Appellant combines his weight of the evidence and sufficiency of the evidence claims in his statement of questions involved in his brief pursuant to Pa.R.A.P. 2116, he differentiates between his weight and sufficiency claims in the argument section of his brief pursuant to Pa.R.A.P. 2119. Appellant's Brief at 20-21 (weight), 21 (sufficiency). Thus, we have addressed these claims separately.

opinion." ***Commonwealth v. Thompson***, 93 A.3d 478, 490 (Pa. Super. 2014) (quoting ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012)).

Here, Appellant failed to challenge the weight of the evidence before the trial court in either an oral or written motion for a new trial. ***See*** Pa.R.Crim.P. 607(A). Instead, Appellant raised his weight claim for the first time in his Rule 1925(b) statement. ***See Sherwood***, 982 A.2d at 494. Hence, Appellant's second issue on appeal is also waived. ***See*** Pa.R.Crim.P. 607(A); ***Sherwood***, 982 A.2d at 494; ***Rhechiid Jones***, 191 A.3d at 835; ***Thompson***, 93 A.3d at 490.

Next, Appellant challenges the sufficiency of the evidence to support his conviction. Appellant's Brief at 21. "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***In re J.G.***, 145 A.3d 1179, 1189 (Pa. Super. 2016) (quoting ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013)).

In his Rule 1925(b) statement, reproduced in its entirety above, Appellant does not state with specificity the element or elements upon which he alleges that the evidence was insufficient. Rule 1925(b) Concise Statement of Matters Complained of, 4/24/18, at ¶ 1. Appellant has therefore failed to

preserve his challenge to the sufficiency of the evidence. ***See In re J.G.***, 145 A.3d at 1189.

Assuming, *arguendo*, Appellant has preserved his challenge to the sufficiency of the evidence, we conclude his challenge merits no relief. After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Linda Rovder Fleming, we conclude the trial court opinion dated July 5, 2018, comprehensively discusses and properly disposes of Appellant's challenge to the sufficiency of the evidence. ***See*** Trial Court Opinion, filed July 5, 2018, at 3–9.[11]

_____

[11] The Commonwealth's evidence included multiple witnesses. Trial Court Opinion, filed July 5, 2018, at 4-9 (citing Commonwealth's Exs. 4-6); N.T., 3/6/18, at 47-49, 51-53, 60, 63, 65-69 (Phillips's aunt testified that Appellant came to Phillips's apartment looking for Phillips and that Appellant and Phillips left together), 75-85 (eyewitness to shooting), 92-105 (eyewitness to shooting; also saw Appellant in Edder's Den after shooting, without a drink and not near the beer coolers; testified that, immediately after patrons heard about shooting in parking lot, Appellant glanced around and left), 109 (witness who knew Appellant for at least twenty years confirmed seeing him at Edder's Den on the night of the shooting), 111-13 (Appellant asked same witness if she "saw anything" before he left), 129-32 (police recovered firearm), 191-92 (beer purchased by Appellant earlier in day found in Woodard's vehicle); N.T., 3/7/18, at 4-17 (describing video surveillance collection)).

The Commonwealth also presented video surveillance depicting the actions of the conspirators immediately prior to and after the shooting, including: the conspirators together at a different bar, Fairfield Avenue Lounge ("Fairfield"), less than ten minutes before Appellant went to Phillips's home; the conspirators leaving Fairfield together in Woodard's automobile; Appellant exiting Woodard's car before entering Phillips's apartment building; Woodard's vehicle circling the block until Appellant and Phillips left apartment building together; and, shortly after the shooting, Cambric at the location where the firearm was later recovered. ***Id.*** at 5-6, 8-9 (citing Commonwealth's Exs. 19-

Finally, Appellant contends that the trial court erred in denying his Rule 600 Motion. "[P]rompt-trial rulings are reviewed by the appellate courts for an abuse of discretion." **Commonwealth v. Barbour**, 189 A.3d 944, 953 (Pa. 2018) (quoting **Commonwealth v. Mills**, 162 A.3d 323, 325 (Pa. 2017)).

> The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.
>
> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

--------------------------------------------------------

20; N.T., 3/7/18, at 14-24). The video surveillance corroborated witness testimony.

The evidence was thus sufficient to establish the elements of conspiracy to commit murder of the third degree: (1) Appellant entered into an agreement with Cambric and Woodard to murder Phillips, where Appellant would lure Phillips to Edder's Den, Cambric would shoot him, and Woodard would drive the "getaway" vehicle; (2) the conspirators shared the criminal intent to murder Phillips, acting with malice by luring Phillips to Edder's Den to be murdered; and (3) the "overt act . . . in furtherance of the conspiracy" was (a) Appellant luring Phillips into Edder's Den or (b) Cambric shooting Phillips. **Id.** at 9; **see Chambers**, 188 A.3d at 409–10 (elements of conspiracy); **Fisher**, 80 A.3d at 1191 (elements of murder of the third degree, including malice).

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Peterson*, 19 A.3d 1131, 1135 (Pa. Super. 2011) (*en banc*) (citations and internal ellipses omitted).

"By the terms of Rule 600, the Commonwealth must bring a defendant to trial within 365 days from the date upon which a written criminal complaint is filed." *Barbour*, 189 A.3d at 947. This first step "provides the **mechanical run date**." *Commonwealth v. Bethea*, 185 A.3d 364, 371 (Pa. Super. 2018). "A defendant, however, is not automatically entitled to discharge under Rule 600 where trial starts more than 365 days after the filing of the complaint." *Commonwealth v. Roles*, 116 A.3d 122, 125 (Pa. Super. 2015).

[T]he Rule 600 run date may be adjusted pursuant to the computational directives set forth in Subsection (C) of the Rule. For purposes of the Rule 600 computation, "periods of delay at any stage of the proceedings caused by the Commonwealth when **the Commonwealth has failed to exercise due diligence** shall be included in the computation of the time within which trial must commence." *Id.* 600(C)(1). "Any other periods of delay," including those caused by the defendant, "shall be excluded from the computation." *Id.*

*Barbour*, 189 A.3d at 947 (emphasis added).

We add the amount of excludable time, if any, to the mechanical run date to arrive at an **adjusted run date**. . . .

Rule 600[ ] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of

diligence. **Any such period of delay results in an extension of the run date.** Addition of any Rule 600[ ] extensions to the adjusted run date produces the **final Rule 600 run date**.

**Bethea**, 185 A.3d at 371 (quoting **Commonwealth v. Wendel**, 165 A.3d 952, 956 (Pa. Super. 2017)) (emphasis in original).

Here, the parties do not dispute that Appellant's trial did not commence within the mechanical run date.[12] Thus, we must determine the final Rule 600 run date.

"Appellant submits that the Commonwealth failed to act with due diligence in failing to bring him to trial within 365 days of the date of the original complaint was filed." Appellant's Brief at 27. Appellant argues that the trial court should have included the 661 days from January 12, 2015, to November 3, 2016,[13] in its calculation of the final run date. **Id.** at 29.[14] These

_____

[12] Pursuant to Pa.R.Crim.P. 600(A)(2)(a), the mechanical run date normally would be 365 days after the complaint was filed against Appellant on April 4, 2014. However, April 4, 2015, was a Saturday and, accordingly, the mechanical run date was actually Monday, April 6, 2015, the first business day thereafter. **See** 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, . . . [w]henever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted form the computation.").

[13] November 3, 2016, was the day before the certified record was remanded to the trial court on November 4, 2016.

[14] Appellant never filed a subsequent Rule 600 motion after the trial court entered its order on February 1, 2017, and did not argue, pursuant to Pa.R.Crim.P. 600 before the trial court or this Court, about the period of time between the entry of the order on February 1, 2017, and the commencement of trial on March 6, 2018. Accordingly, we make no determinations about this interval.

661 days – even before adding them to the trial court's calculation of 225 days – are "well beyond the time constraints of Rule 600" if not excludable or excusable. Appellant's Brief at 29.

Essential to our review is the fact that the Commonwealth previously filed an appeal, which this Court quashed due to the interlocutory and non-appealable nature of the order from which it arose, followed by a petition for allowance of appeal to the Supreme Court of Pennsylvania, which denied the petition. We must therefore determine whether the Commonwealth was duly diligent when filing the previous appeal and petition for allowance of appeal. If so, the time during which the appeal and petition were pending was properly excused from the computation of the time within which trial had to commence pursuant to Pa.R.Crim.P. 600.

***Commonwealth v. Matis***, 710 A.2d 12 (Pa. 1998), remains the case most analogous to the current matter. In ***Matis***, the Commonwealth filed an appeal of an interlocutory order, along with "a certification that the trial court's Order denying the Motion to Continue substantially impaired the prosecution." ***Id.*** at 15. This Court quashed the appeal. ***Id.***

Upon remand, the defendant filed a motion to dismiss the charges against him pursuant to the speedy trial rule, which was then Rule 1100,[15]

_____

[15] Rule 600 formerly was numbered as Rule 1100[.] . . . Rule 1100 was amended and renumbered as Rule 600 on April 1, 2001. However, because much of the rule's substance remained

alleging that the duration of the appeal was chargeable to the Commonwealth. *Id.* Matis's motion to dismiss pleaded that the Commonwealth "had failed to exercise due diligence in bringing [the defendant] to trial and filed a frivolous appeal in bad faith from a non-appealable interlocutory order for the sole purpose of delaying the trial." *Id.*

Although the trial court rejected the defendant's assertion that the Commonwealth acted in bad faith in filing the appeal, it concluded that the Commonwealth was not duly diligent and granted Matis's motion to dismiss. *Id.* at 15 (trial court "at no time made a finding that the Commonwealth was acting in bad faith"), 19 ("the trial court rejected [the defendant's] claim that the Commonwealth acted in bad faith when it filed [its] appeal"). After this

---

consistent throughout the amendment, [the appellate courts have] continued to apply our precedents interpreting former Rule 1100 to the analogous provisions of Rule 600, sometimes employing Rule 600 nomenclature to facilitate discussion of Rule 1100 precedents. *See, e.g.*, *Commonwealth v. Sloan*, 589 Pa. 15, 907 A.2d 460, 463 n.5 (2006) (explaining that, because "the substance of the sections of current Rule 600 and former Rule 1100 under scrutiny are identical," the Court would "for the sake of convenience and clarity ... substitute the applicable numbering nomenclature of Rule 600 for that of old Rule 1100"). Except where necessary to avoid confusion, we continue this practice herein, and will refer to the rule-based right, generally, as "Rule 600."

*Barbour*, 189 A.3d at 946 n.1. Hereinafter, we shall alter "Rule 1100" to "Rule [600]" wherever it is referenced in an opinion predating the rule's renumbering.

Court reversed, the Supreme Court of Pennsylvania granted the defendant's petition for allowance of appeal. *Id.* at 15.

The Supreme Court explained that the central inquiry when determining whether the time during which a pre-trial appeal is pending "stops the clock" for the purpose of determining the time within which trial must be commenced is: "If the Commonwealth files a pre-trial appeal in bad faith without the right to do so, it fails to exercise due diligence pursuant to Rule [600]." *Id.* at 17 (citation omitted). The Court stated that it was "bound by the trial court's factual finding that the Commonwealth did not act in bad faith." *Id.* at 15. Thus, despite the fact that this Court had quashed the Commonwealth's interlocutory appeal, there was no evidence of bad faith on the part of the Commonwealth in filing that interlocutory appeal, so the Commonwealth did not "fail[] to exercise due diligence pursuant to Rule [600]." *Id.* at 17, 19. The *Matis* Court hence concluded that the period of delay during the interlocutory appeal "extend[ed] the period for commencement of trial pursuant to Rule [600]," *id.* at 17, and agreed with this Court that the charges against Matis should not have been dismissed. *Id.* at 19.

In the case *sub judice*, as in *Matis*, the Commonwealth appealed an interlocutory order and filed a certification that the order substantially handicapped the prosecution, Notice of Appeal, 1/12/15, and this Court quashed the appeal. *Woodard*, 136 A.3d at 1007. Upon remand, Appellant filed a motion to dismiss the charges against him pursuant to Pa.R.Crim.P.

600, alleging that the Commonwealth failed to exercise due diligence in bringing him to trial. **Compare** Rule 600 Motion, 12/21/16, at 7, **with Matis**, 710 A.2d at 15. During a hearing on the Rule 600 Motion, Appellant argued that the Commonwealth "appealed in bad faith." N.T., 1/6/17, at 3; **compare id.** at 3-5 **with Matis**, 710 A.2d at 15.[16]

The trial court specifically found that the Commonwealth did not act in bad faith. Trial Court Opinion, filed March 15, 2017, at 16. We are bound by the trial court's factual finding and, viewing the facts in the light most favorable to the Commonwealth as the prevailing party, we are obliged to recognize that the Commonwealth did not act in bad faith. **See Matis**, 710 A.2d at 15; **Peterson**, 19 A.3d at 1135. Accordingly, there was no proof that the Commonwealth failed to exercise due diligence pursuant to Pa.R.Crim.P. 600. Hence, the period of delay during the Commonwealth's appeal to this Court "extend[s] the period for commencement of trial pursuant to Rule [600]." **Matis**, 710 A.2d at 17.

Although **Matis** did not address whether the time during which a Commonwealth petition for allowance of appeal is pending constitutes excusable time, other case law indicates that this timeframe would be regarded no differently than the period during which the appeal was pending

---

[16] Appellant does not specifically maintain that the Commonwealth acted in bad faith; however, we consider Appellant's broad reference to the Commonwealth's lack of due diligence to encompass an assertion that the Commonwealth acted in bad faith.

in this Court. *See Commonwealth v. DeBlase*, 665 A.2d 427, 431-32 (Pa. 1995) ("'Excusable delay' for purposes of Rule [600] review includes delay caused by appellate review of pretrial motions"; the period of time the Supreme Court took to consider an allocatur petition constituted "excusable delay," which does not count towards a Pa.R.Crim.P. 600 violation); *Commonwealth v. Ferri*, 599 A.2d 208, 210 (Pa. Super. 1991) (finding entire four-year delay incident to Commonwealth's appeal was properly excluded after this Court affirmed order severing charges and Supreme Court denied Commonwealth's petition for allowance of appeal); *Commonwealth v. Coleman*, 491 A.2d 200, 201-02 (Pa. Super. 1985) (finding that Commonwealth's unsuccessful two-year interlocutory appeal to the Supreme Court of Pennsylvania tolled the speedy trial rule time, when such appeal was taken for tactical reasons and not for delay); *see also Thomas Jones v. Commonwealth*, 434 A.2d 1197, 1200-01 (Pa. 1981) (concluding that delay of two-and-one-half years during Commonwealth's appeal to Supreme Court of Pennsylvania and *certiorari* petition to United States Supreme Court, which was denied, did not violate defendant's right to "a speedy trial as guaranteed by Rule [600,]" because timely appellate review "divested the trial court of

authority to proceed" and thus acted "as an automatic supersedeas" of the rule).[17]

Accordingly, since the only delay at issue is the period of time the Commonwealth's appeal was pending, including the Supreme Court's consideration of the Commonwealth's petition for allowance of appeal, such lapse of time constituted excusable delay under **Matis**. **See also DeBlase**, **supra**; **Ferri**, **supra**; **Coleman**, **supra**. In turn, since excusable delay is not included in a Rule 600 calculation, no Rule 600 violation occurred in this case. Consequently, we accept the trial court's calculation of net-elapsed time of 225 days, which is fewer than the maximum of 365 days permitted by Pa.R.Crim.P. 600(A)(2)(a). The trial court did not abuse its discretion in denying Appellant's Rule 600 Motion. **See Barbour**, 189 A.3d at 953. Having found no abuse of discretion in the Rule 600 determination and having found all other claims waived, we affirm the judgment of sentence.[18]

Judgment of sentence affirmed.

_____

[17] Moreover, where "there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused," we are mandated to "construe[]" Pa.R.Crim.P. 600 "in a manner consistent with society's right to punish and deter crime." **Peterson**, 19 A.3d at 1135. Here, there was no evidence that the Commonwealth filed its petition for allowance of appeal to the Supreme Court of Pennsylvania in an effort to evade Appellant's speedy trial rights.

[18] Inasmuch as we have relied on the trial court's July 5, 2018, opinion as it relates to Appellant's sufficiency of the evidence claim, we direct the parties to attach a copy of the trial court's opinion in the event of further proceedings.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/2019