491 A.2d 200

**COMMONWEALTH of Pennsylvania**

v.

**Allan B. COLEMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 2, 1984.

Filed March 29, 1985.

Michael G. Defino, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, DEL SOLE and LIPEZ, JJ.

LIPEZ, Judge:

In this appeal from a judgment of sentence for murder in the first degree, theft by unlawful taking, and possession of instruments of crime, defendant contends: (1) the pre-trial delay which occurred while the Commonwealth pursued an interlocutory appeal violated defendant's rights under the speedy trial clause of the sixth and fourteenth amendments of the United States Constitution and Pennsylvania Rule of Criminal Procedure 1100; and (2) the evidence was insufficient to support the verdicts. The opinion of Judge Caesar, who heard the case below without a jury, thoroughly disposes of the issue of sufficiency of the evidence, and there is no need for us to comment further on it.

Defendant's claim under Rule 1100 is based on the pre-trial delay which occurred when the Commonwealth took an interlocutory appeal from the trial court's determination that 42 Pa.C.S. § 5104(c) was unconstitutional in that it conferred on the Commonwealth an absolute right to jury trial, thus encroaching on the Pennsylvania Supreme Court's exclusive procedural rulemaking power, Pa. Const., art. V, § 10(c), which the Court had exercised by placing the question of whether the defendant could waive a jury trial within the discretion of the trial judge, under Pennsylvania Rule of Criminal Procedure 1101. It is undisputed that if Rule 1100 was tolled for the period of the interlocutory appeal, then the commencement of defendant's trial was timely, but if Rule 1100 was not tolled for that period,

defendant's trial commenced too late and he should be discharged under Rule 1100.

■ The court below held, and we agree, that *Jones v. Commonwealth,* 495 Pa. 490, 434 A.2d 1197 (1981), which held that an interlocutory appeal by the Commonwealth tolls Rule 1100, compels the conclusion that defendant was timely tried. Defendant attempts to distinguish *Jones* by pointing to the statement in Justice Kaufman's majority opinion that in *Jones* "[t]here is no evidence that the appellate process was abused by the Commonwealth for the purpose of delay." 495 Pa. at 497, 434 A.2d at 1200.

Defendant contends that in his case there is evidence of abuse of the appellate process by the Commonwealth. He bases this contention primarily on a number of observations in part IV of Justice Roberts' opinion in support of affirmance in the Commonwealth's interlocutory appeal. *Commonwealth v. Wharton and Coleman,* 495 Pa. 581, 594–601, 435 A.2d 158, 164–68 (1981). It is true, as defendant claims, that part IV of Justice Roberts' opinion is critical of the Commonwealth for insisting on the absolute right to a jury trial in this case. It is also true, as shown by the prosecutor's statements which defendant quotes from the record, that the Commonwealth did this as a matter of trial tactics, because Judge Della Porta, who had conducted the suppression hearing, had made some remarks concerning the validity of the Commonwealth's evidence at the suppression hearing. Justice Roberts believed it was undesirable to allow the Commonwealth to do this, and he raised this as one of a number of policy considerations to support his conclusion that the statute should be declared unconstitutional.

We do not believe that the combination of Justice Roberts' discussion in part IV of his opinion and the admission of the Commonwealth's attorney that the Commonwealth was insisting on a jury trial for tactical reasons demonstrates in any way that the Commonwealth abused the appellate process for purposes of delay in this case. The statute on its face gave the Commonwealth the right to do

precisely what it did, and no appellate court had held the statute unconstitutional when the Commonwealth took its appeal. The fact that the Supreme Court's vote was evenly divided in the appeal, *Commonwealth v. Wharton and Coleman, supra,* shows beyond doubt that the Commonwealth was appealing a non-frivolous issue. Moreover, the remarks in part IV of Justice Roberts' opinion in support of affirmance were only joined by one other justice. The remarks are plainly not binding, and even if they were, the criticism in part IV of the undesirability of permitting the Commonwealth to use certain tactics does not even purport to show that by taking the appeal the Commonwealth was attempting to delay the case, but only to try to have an appellate court uphold their statutory right to use those tactics.

Defendant has not shown on this record that the Commonwealth instituted its interlocutory appeal for the purpose of delay, or for any purpose other than the proper one of attempting to obtain the right which the statute conferred on the Commonwealth as a litigant. If the Commonwealth could not take a pre-trial appeal under these circumstances, the issue would have been moot after the trial, and there would be no means by which the important constitutional questions raised could have been litigated before the Supreme Court. The fact that the Commonwealth was ultimately unsuccessful in litigating the question certainly does not demonstrate that the appeal was taken for delay or any other improper purpose. Accordingly, defendant's Rule 1100 claim must be rejected. *Jones v. Commonwealth, supra.*

Similarly, we must reject defendant's constitutional speedy trial claim.

In determining whether a defendant's constitutional speedy trial right has been violated, it must first be determined whether the delay itself is sufficient to trigger further inquiry. *Barker v. Wingo,* 407 U.S. 514, 92

S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Jones v. Common-wealth*, 495 Pa. 490, 434 A.2d 1197 (1981). If the delay is sufficient to trigger further inquiry, the reviewing court must balance the length of the delay with the reason for the delay, the defendant's timely assertion of his right to a speedy trial, and any resulting prejudice to the interests protected by the right to a speedy trial. *Barker v. Wingo, supra; Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980).

*Commonwealth v. Glover*, 502 Pa. 524, 528, 458 A.2d 935, 937 (1983).

■ While defendant's two-year incarceration prior to trial is sufficient to trigger further inquiry, *Common-wealth v. Glover, supra*, 502 Pa. at 528, n. 4, 458 A.2d at 937, n. 4, and defendant has timely asserted his right to a speedy trial, evaluation of the other factors shows that rejection of defendant's speedy trial claim is compelled by *Jones v. Commonwealth, supra*. In that case, in which there was also a sufficient delay to trigger further inquiry, as well as a timely assertion of the right to speedy trial, the Supreme Court held that the defendant's dubious claim of prejudice to his defense could not outweigh the Common-wealth's entitlement "to seek appellate review of what it considered to be the improper suppression of important evidence in a first degree murder trial." 495 Pa. at 500–01, 434 A.2d at 1202. If the Commonwealth's right to seek appellate review outweighed the dubious claim of prejudice in *Jones v. Commonwealth, supra*, then *a fortiori* the Commonwealth's right to seek appellate review of impor-tant constitutional questions was sufficient reason for the delay in this case, since defendant here has not even alleged that a speedy trial was necessary to limit the possibility of impairment of his defense, which is "the most important interest protected by the Sixth Amendment." *Common-wealth v. Glover, supra*, 500 Pa. at 529, 458 A.2d at 938.

Judgment of sentence affirmed.