J-A16034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS H. UNGARD JR. | : | |
| | : | |
| Appellant | : | No. 1394 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 12, 2011
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001398-2007

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: OCTOBER 4, 2021**

Appellant, Thomas H. Ungard, Jr., appeals from the judgment of sentence entered in the Court of Common Pleas of Lycoming County on two counts of Tampering with Public Records.  Herein, Appellant contends the court erroneously denied his motion to dismiss all charges for what he argues was the Commonwealth's impermissible failure to meet the prompt trial requirements of Pennsylvania Rule of Criminal Procedure 600.  After careful review, we affirm.

The relevant facts and procedural history of this appeal are as follows.

Appellant served as coordinator for the Lycoming County Drug Task Force ("Task Force"), which frequently obtained vehicles through criminal and/or civil forfeiture.  In July 2006, the District Attorney learned that Appellant and the Williamsport police chief went on a personal trip to Canada in a forfeited vehicle.  When confronted, Appellant paid restitution to the Task Force in an

_____

[*] Former Justice specially assigned to the Superior Court.

amount equal to the fair market rental value of the vehicle. The Lycoming County District Attorney removed Appellant as coordinator of the Task Force and referred the case to the Attorney General of Pennsylvania for possible prosecution.

The Attorney General's investigation revealed that, on two occasions, Appellant engaged in simulated sales [fn1] of two forfeited vehicles. Appellant and Adrian Heffley ("Heffley") completed MV-4ST forms which made it appear as though the forfeited vehicles were transferred initially to Heffley and, thereafter, to members of Appellant's family.[fn2] During the investigation, Appellant asked or encouraged Heffley to lie to investigators by stating that he bought the vehicles, performed maintenance thereon, and then resold the vehicles to Appellant's family members listed on the MV-4ST forms.

---

[fn1] *See* *Black's Law Dictionary*, 1366 (8th Ed. 1990) ("A sale in which no price or other consideration is paid or intended to be paid, and in which there is no intent to actually transfer ownership.").

[fn2] Appellant knew Heffley was a mechanic at a garage where Appellant had repair work performed.

---

On September 25, 2007, the Commonwealth charged Appellant via criminal information with five counts of tampering with public records or information ("tampering"),[fn3] four counts of theft by failure to make required disposition of funds ("theft"),[fn4] conspiracy to commit tampering,[fn5] obstructing the administration of law or other governmental function ("obstruction"),[fn6] and conflict of interest.[fn7]

The trial court dismissed four counts of tampering and one count of theft for failure to make a *prima facie* showing that Appellant committed those offenses. The trial court also denied the Commonwealth leave to amend the criminal information and suppressed certain evidence.

Later, the Commonwealth [filed an interlocutory appeal by right, asserting the trial court's order substantially impaired its ability to prosecute]. This Court reversed the dismissal of the tampering and theft charges, reversed the decision barring the

- 2 -

Commonwealth from filing an amended criminal information, affirmed the suppression ruling, and remanded for further proceedings. **See Commonwealth v. Ungard**, 15 A.3d 540 (Pa. Super. 2010) (unpublished memorandum).

---

fn3 18 Pa.C.S.A. § 4911(a)(1), (a)(3).

fn4 18 Pa.C.S.A. § 3927(a).

fn5 18 Pa.C.S.A. §§ 903, 4911.

fn6 18 Pa.C.S.A. § 5101.

fn7 18 Pa.C.S.A. § 1103(a).

---

On remand, Appellant waived his right to counsel and [elected to represent] himself at trial. [On December 7, 2010, Appellant filed a pretrial Motion to Dismiss pursuant to Pa.R.Crim.P. 600. The trial court held a hearing on this motion on April 29, 2011, and it denied the motion by Opinion and Order docketed on June 3, 2011].

On July 22, 2011, a jury convicted Appellant of two counts of tampering and obstruction. Appellant requested the assistance of counsel during post-trial proceedings, including direct appeal. The trial court denied that request and, on October 12, 2011, sentenced Appellant to an aggregate term of 18 months' probation. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal. **Commonwealth v. Ungard**, 68 A.3d 367, 2013 WL 11279623 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 77 A.3d 1260 (Pa. 2013). Appellant did not begin serving his probationary term after our Supreme Court denied allowance of appeal but the record does not explain the reason for this delay.

On August 8, 2014, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended petition. Thereafter, the PCRA court granted in part and denied in part Appellant's PCRA petition. It reinstated Appellant's direct appellate rights, together with his right to file a post-sentence motion, *nunc pro tunc*. It denied relief on Appellant's remaining claims. On February 9, 2017, Appellant filed a post-sentence motion. On July 6, 2017, the trial court denied that motion.

- 3 -

[Appellant filed a direct appeal, and this Court reversed judgment of sentence as it pertained to Appellant's conviction on the charge of obstruction, which under the Crimes Code requires evidence of obstructing in the prosecution of "another" rather than in one's own prosecution. In all other respects, the court affirmed judgment of sentence and relinquished jurisdiction.

*Commonwealth v. Ungard*, No. 1209 MDA 2017, 2019 WL 1057350, at \*\*1–6 (Pa. Super. Ct. Mar. 6, 2019) (unpublished memorandum).

Appellant's judgment of sentence became final on April 5, 2019, when thirty days expired without his filing a petition for allowance of appeal with the Pennsylvania Supreme Court pursuant to Pa.R.A.P. 1113(a). **See** 42 Pa.C.S. § 9545(b)(3). He timely filed his first PCRA petition on November 8, 2019, and asserted that the trial court had denied him his right to counsel when it precluded him from relitigating with the assistance of counsel any issues that Appellant had previously litigated in his *pro se* post sentence motion. Among those issues was a challenge to the trial court's dismissal of his *pro se* Rule 600 motion.[1] After conducting a hearing on the matter, the PCRA court reinstated Appellant's post-sentence motion rights and his direct appeal rights *nunc pro tunc*.

On April 6, 2020, Appellant filed a post sentence motion *nunc pro tunc* asserting the trial court had erred in entering its 2011 Order denying his Rule 600 motion to dismiss all charges. In both Appellant's post sentence motion

---

[1] Unless indicated otherwise, our references to Pa.R.Crim.P. 600 relate to the version of the law that was rescinded effective July 1, 2013.

and his subsequent brief submitted after a hearing on the matter, he set forth

what he contended was a timeline relevant to the Rule 600 issue, as follows:

| | |
|---|---|
| Complaint Filed: | June 12, 2007 |
| Mechanical 600 Run Date: | June 12, 2008 |
| [Appellant's] Pretrial Motions Filed: | Nov. 1, 2007 |
| Hearing on [Appellant's] Pretrial Motions: | April 16, 2008 |
| [Appellant's] Pretrial Motions Decided: | Oct. 16, 2008 |
| CW[2] Notice of Interlocutory Appeal Filed: | Oct. 27, 2008 |
| Date Transcript of Hearing on [Appellant's] Pretrial Motions Available to CW: | Nov. 1, 2008[] |
| Transcript Paid-For by CW: | Jan. 26, 2009[] |
| Date Transcript Filed: | Feb. 2, 2009 |
| Date Court filed Pa.R.A.P. 1925(a) Opinion: | April 7, 2009 |
| Date Prothonotary Transmitted Record to Appellate Court: | Oct. 2, 2009 |
| CW First Request for Extension to File Brief: | Nov. 6, 2009 |
| CW Second Request for Extension to File Brief: | Nov. 25, 2009 |
| CW Request to Continue Oral Argument: | April 6, 2010 |
| CW Second Request to Continue Oral Argument: | May 10, 2010 |
| CW Interlocutory Appeal Decided: | Oct. 25, 2010 |
| [Appellant's] Pa.R.Crim.P. 600 Motion Filed: | Dec. 7, 2010 |

_____

[2] "CW" refers to the Commonwealth.

[Appellant's] Pa.R.Crim.P. 600 Hearing:      April 29, 2011

[Appellant's] Pa.R.Crim.P. 600 Decision:      July 18, 2011

Post Sentence Motion *nunc pro tunc*, 4/6/2020, at 2-3; Post-Hearing Brief at 7.

Appellant argued that the trial court had improperly denied his Rule 600 motion on the erroneous belief that the Commonwealth was relieved of its obligation to exercise due diligence in bringing its case to trial during the two-year period the Commonwealth pursued an interlocutory appeal. "Excusable delay," Appellant maintained, "is delay that occurs as a result of circumstances beyond the Commonwealth's control ***and despite its due diligence***." Post Sentence Motion, at 5 (citing ***Commonwealth v. Goldman***, 70 A.3d. 874, 880 (Pa.Super. 2013)) (emphasis added in motion). Therefore, Appellant asserted that "whether or not a period of delay in bringing [Appellant] to trial constitutes "excusable delay" . . . *requires* an analysis of the Commonwealth's due diligence. ***Id***.

According to Appellant's 2020 post-sentence motion, the transcript of the April 29, 2011, hearing on his Rule 600 motion showed that the Commonwealth presented only certified copies of the items listed on the docket sheet associated with the Commonwealth's interlocutory appeal. The unsworn representations of the Deputy Attorney General ("DAG") at the Rule 600 hearing regarding such items did not constitute testimony and were not evidence, Appellant posited in his motion, and he insisted the lack of live witnesses or sworn affidavits of such witnesses, transcripts, or file notes

should have been deemed fatal to the Commonwealth's requisite demonstration of due diligence.

Appellant's motion also maintained that at the Rule 600 hearing, the Commonwealth not only failed to show it acted with due diligence during all phases of the litigation—including its interlocutory appeal—but also expressed the mistaken belief, through the opinion offered by the DAG, that due diligence became irrelevant once the interlocutory appeal had been filed with this Court. N.T. 4/29/11 at 115. By the court's apparent acceptance of this flawed position, Appellant asserted, it committed reversible error on the Rule 600 issue.

At the July 22, 2020, hearing on Appellant's post-sentence motion *nunc pro tunc*, the Commonwealth acknowledged that it was required to exercise due diligence during all pretrial phases of the case, but it argued that it met these requirements notwithstanding the DAG's statements at the 2011 Rule 600 hearing. N.T., 7/22/2020, at 27.

Appellant contested this position, arguing that both the Commonwealth's three-month delay in securing available transcripts necessary to complete the appellate record and forwarding them to the Lycoming County Clerk of Courts for transmission to the Superior Court, and the Clerk of Court's subsequent six-month delay in transmitting the record to this Court without the Commonwealth ever seeking a status update on its stalled interlocutory appeal, should be added to the Rule 600 computation of time.

- 7 -

Appellant also claimed that the Commonwealth's multiple motions to this Court during the interlocutory appeal seeking continuances of oral argument and extensions of the briefing schedule caused further delay that was neither beyond its control nor despite its due diligence, such that this time also should be added to the Rule 600 computation. In response, the Commonwealth maintained that the orders granting continuances over the objections of Appellant reflected this Court's determination that the requests therein were necessary despite diligent efforts to comply with the original appeals schedule.

By the lower court's Order and Opinion of October 22, 2020, it rejected Appellant's post-sentence motion *nunc pro tunc*. Specifically, the court determined that the time taken by the trial court to decide Appellant's pretrial motion and by the Superior Court to dispose of the Commonwealth's interlocutory appeal, was neither within the control of the Commonwealth nor extended by the Commonwealth's lack of due diligence to such a degree as to bring the Rule 600 computation above 365 days prior to trial.

The court offered the following opinion in support of its calculations:

> There were two major events that occurred in this case prior to Appellant filing his motion to dismiss: the litigation of Appellant's omnibus pretrial motion and the Commonwealth's appeal of the rulings on Appellant's omnibus pretrial motion. Appellant contends that none of the time associated with these events constitutes excludable or excusable time. The court cannot agree.

## A. [Appellant's] Omnibus Pretrial Motion

On September 18, 2007, the Lycoming County judges recused themselves from handling this case. Appellant filed an omnibus pre-trial motion on November [1], 2007. The Administrative Office of Pennsylvania Courts (AOPC) assigned Senior Judge John Reilly to preside over this case. On February 22, 2008, Judge Reilly held a status conference and issued an order scheduling the evidentiary hearing on Appellant's omnibus pretrial motion for April 16, 2008. The order indicated that Judge Reilly would set a briefing schedule at the conclusion of the hearing. Commonwealth's Exhibit PT-2 (Order dated 2/22/08 and filed 2/29/08).

The hearing and argument on Appellant's motion was held on April 16, 2008, as scheduled. At the hearing, the Commonwealth introduced seven exhibits, marked Commonwealth's Exhibit PT-1 through PT-7. Appellant introduced testimony from Agent Anthony Fiore and the Lycoming County Prothonotary and Clerk of Courts, William Burd. Appellant also introduced numerous exhibits, marked . . . 1 through 14. After the hearing, Judge Reilly entered an order setting a briefing schedule. Defense counsel's brief was due 90 days from the receipt of the transcript and the Commonwealth's reply brief was due 10 days thereafter. *See* Commonwealth's Exhibit PT-3 (Order dated 4/16/08 and filed on 4/30/08).

On July 11, 2008, Judge Reilly entered an order scheduling jury selection for November 3, 2008 with trial to commence immediately thereafter. Commonwealth's Exhibit PT-4 (Order dated 7/11/08 and 7/14/08).

Appellant filed his brief on August 4, 2008, and the Commonwealth filed its reply brief on August 7, 2008.

On August 25, 2008, the Lycoming County Court Administrator scheduled this case for a pretrial conference on October 16, 2008. Commonwealth's Exhibit PT-5. Judge Reilly announced his decision on Appellant's motion on the record on October 16, 2008.

**Between the filing of the complaint and the filing of Appellant's omnibus pre-trial motion, 142 days elapsed.**

**The court finds that the 350 days between the filing of Appellant's pre-trial motion on November 1, 2007 and October 16, 2008, the date Judge Reilly rendered his decision thereon, is excludable time.**

The evidence presented and the reasonable inferences deducible from the evidence show that Judge Reilly did not schedule this case for trial on or before June 11, 2008, due to Appellant's omnibus pretrial motion. If it were not for Appellant's motion, Judge Reilly could have entered an order at or after the status conference in February 2008 scheduling this case for trial. Although Judge Reilly entered an order in July, which scheduled jury selection and trial for November 3, 2008, that trial date was after the time allotted to the parties for filing their briefs and a reasonable period of time for Judge Reilly to issue his decision.

Appellant's omnibus pre-trial motion included a request that several of the charges be dismissed, which Judge Reilly granted. Clearly, Appellant did not wish to proceed to trial on these charges since he believed the Commonwealth did not present sufficient evidence to establish a *prima facie* case. Any assertion that this case could have proceeded to trial prior to a ruling on Appellants motion is disingenuous. This is not a case where Judge Reilly deferred hearing the pretrial motions until the time of trial. Furthermore, the trial did not commence on November 3, 2008, because the Commonwealth filed an appeal from Judge Reilly's rulings on Appellant's omnibus pretrial motion. Therefore, the filing of the pre-trial motion caused a delay in the commencement of trial.

The transcripts, orders and other documents filed of record also show that the Commonwealth exercised due diligence in opposing or responding to the motion. Neither party requested any continuances of the pretrial motion. Both parties appeared on April 16, 2008, and Judge Reilly heard the pre-trial motions. The Order entered on April 16, 2008 required the Commonwealth to file its reply brief ten days after Appellant filed his brief. The Commonwealth, however, filed its brief within three days. When the parties appeared before Judge Reilly in October 2008, he made his rulings on Appellant's omnibus pre-trial motion. **Since the filing of Appellant's omnibus pre-trial motion delayed commencement of trial and the Commonwealth**

**exercised due diligence in opposing or responding to the motion, this time is excludable under Rule 600(C)**. *Commonwealth v. Hill*, 736 A.2d 578, 587 (Pa. 1999).

**Another 11 days elapsed between Judge Reilly's ruling [on Appellant's pretrial motion] and the Commonwealth's appeal. Therefore, a total of 153 days passed for Rule 600 purposes prior to the Commonwealth filing its [interlocutory] appeal**. Since this total is less than 365 days, Appellant was not entitled to dismissal prior to the Commonwealth's appeal.

### B. The Commonwealth's Appeal

Appellant asserts that the Commonwealth failed to satisfy its burden of proof to establish that it acted with due diligence throughout his case, including the Commonwealth's appeal. Additionally, Appellant appears to contend that the court can review the appellate proceedings and find that the Commonwealth did not exercise due diligence, particularly where the Commonwealth requested extensions of the briefing schedule and continuances of the argument, despite the fact that the Pennsylvania Superior Court granted these requests.

There is case law that the Commonwealth must exercise due diligence throughout the proceedings. To date, however, the due diligence inquiries with respect to an appeal by the Commonwealth seem to have focused on whether the Commonwealth has properly certified that the order appealed will terminate or substantially handicap the prosecution or whether the Commonwealth took the appeal in bad faith. [citing decisions, including] *Commonwealth v. Risoldi*, [238 A.3d 434 (Pa.Super. 2020) (Commonwealth need not be successful in interlocutory appeal to establish due diligence; there was no indication in the record that the Commonwealth took the appeal in bad faith or as a means to delay trial). The [trial] court has not found any cases where there was an evaluation of every aspect of the appellate process, including but not limited to the Commonwealth's requests for extensions or continuances, or the appellate court's decisions thereon.

[The trial court notes the Commonwealth certified that Judge Reilly's order terminated or substantially handicapped the prosecution, the interlocutory appeal was the only opportunity

- 11 -

the Commonwealth had to challenge Judge Reilly's order granting habeas relief and other pretrial rulings, and the Commonwealth generally prevailed on its issues, as the Superior Court reversed the trial court's habeas ruling as well as some of the pretrial evidentiary rulings.]

The Commonwealth's timely appeal divested the [trial court of jurisdiction pursuant to Pa.R.A.P. 1701(a) and automatically tolled the running of Rule 600 until the time of decision and remand back to the trial court. This time is thus excusable delay.] ***Commonwealth v. DeBlase***, 665 A.2d 427, 431-32 (Pa. 1995) .

. . .

Appellant argues that the Commonwealth had an obligation of due diligence throughout the pendency of the appeal in this case and, since the Commonwealth was not diligent, the time attributable to the Commonwealth's interlocutory appeal is not excusable.

**Appellant seeks to hold the Commonwealth responsible for delays in the preparation of the transcript of the October 16, 2008 hearing, the clerk of court's failure to send the record to the appellate court in a timely manner, and various extensions of the briefing schedule and continuances of oral argument in the appellate court.**

. . .

**Even assuming that [the trial court] has the authority to review the entire appellate process**, including the Superior Court's decisions to grant the Commonwealth's requests for briefing extensions and continuances of the argument, the court rejects Appellant's claim that he is entitled to dismissal.

. . .

On October 27, 2008, the Commonwealth filed its notice of appeal . . . [and] also requested a transcript of the proceedings held on October 16, 2008.

The court reporter completed the transcript on or about November 19, 2008, and sent the prosecutor an invoice for payment. When no payment was received, she again contacted the prosecutor. The court reporter received payment from the prosecutor on or about January 26, 2009. The court reporter filed the transcript on February 2, 2009. Defendant's Exhibit 3.

**The time from October 27, 2008 to November 19, 2008 (23 days) was not due to a lack of due diligence by the Commonwealth; it was due to the court reporter preparing the transcript.** This delay occurred despite the Commonwealth's due diligence in filing its appeal and requesting the transcript and was beyond the Commonwealth's control. **Therefore it is excusable delay.**

**The delay from November [20], 2008 to January 26, 2009 (68 days) was due to the Commonwealth's failure to pay for the transcript. As this delay was attributable to the Commonwealth's lack of due diligence, it is includable time**.

**The time from January 2[7], 2009, to February 2, 2009 (7 days) was attributable to the court reporter's failure to file the transcript upon receipt of payment from the Commonwealth. This is excusable delay.**

**Judge Reilly filed his opinion on April 7, 2009. The Commonwealth had no control over when Judge Reilly filed his opinion. This time between February 2, 2009 and April 7, 2009 (64 days) is excusable delay.**

**Although the transcript and Judge Reilly's opinion were filed [with the clerk of courts] by April 7, 2009, the clerk of courts did not send the record to the Superior Court until October 2, 2009**.

Despite the fact it was the Commonwealth's burden of proof to establish by a preponderance of the evidence that it acted with due diligence, Appellant presented testimony and exhibits at the Rule 600 hearing. In his zealous efforts to prove that the Commonwealth did not exercise due diligence, Appellant inadvertently introduced evidence helpful to the Commonwealth, including the testimony of [Clerk of Courts]

William Burd and numerous exhibits that showed the reasons for the delays during the appeal.

**Appellant called William Burd, the Lycoming County Clerk of Courts as a witness at the Rule 600 hearing.** Mr. Burd testified that he would not send the record to the appellate court until someone **from the court** directed him to do so [(emphasis in original)]. N.T., 4/29/2011, at 97-98, 101-102. **The delay from April 7, 2009 to October 2, 2009 (172 days) is excusable delay that occurred due to a breakdown in the court's operations.**

Defendant argued that if the Commonwealth had been tracking the appeal and contacted Mr. Burd, he would have sent the record sooner. This argument is belied by Mr. Burd's testimony. Furthermore, it is not the Commonwealth's obligation to ensure that the record is sent to the appellant [sic] court; it is the court's duty. Pa.R.A.P. 1931(b). The Commonwealth is permitted to rely on the court's compliance with the Rules. ***Commonwealth v. Bradford***, [ ] 46 A.3d 693 (Pa. 2012).

**After the record was sent to the appellate court, the Commonwealth filed two requests for extensions of the briefing schedule**. **The Commonwealth's brief was originally due on November 16, 2009***.* **See** Defendant's Exhibit 6 (Commonwealth's First Application for Extension), para. 3. On November 6, 2009 the Commonwealth requested an extension to file its brief, which the Superior Court granted. Defendant's Exhibit 5 (Appellate Court Docket Sheet). The prosecutor's heavy workload was the reason for the request for extension. Specifically, the prosecutor needed to file other briefs that were due in the Pennsylvania Supreme Court; file a brief in a capital case that was due in the Pennsylvania Supreme Court; file an answer and brief that were due in a federal habeas proceeding; prepare for and participate in an evidentiary hearing in a capital PCRA case; and fulfill responsibilities pursuant to the Investigating Grand Jury Act. Defendant's Exhibit 6, paras. 4 and 5. This first request extended the Commonwealth's briefing deadline from November 16, 2009 to December 16, 2009.

On November 25, 2009, the Commonwealth requested a second extension of time to file its brief and the reproduced

- 14 -

record. Defendant's Exhibit 5. The Commonwealth requested a second extension until January 16, 2010. Defendant's Exhibit 7. The reasons for this request were that the prosecutor had briefs due in several separate murder cases, including three capital cases. *Id*. On November 30, 2009, the Pennsylvania Superior Court granted an extension from December 16, 2009 to January 4, 2010 (19 days). Defendant's Exhibit 5. The Commonwealth filed the reproduced record on December 31, 2009, and it filed its brief on January 4, 2010[, 49 days beyond the original filing date of November 16, 2009].

**The [trial court] also does not believe the Commonwealth's requests for extensions of the briefing schedule showed a lack of due diligence**. Due diligence does not require perfect vigilance or punctilious care, but merely a showing that the Commonwealth has put forth a reasonable effort. ***Commonwealth v. Selenski***, [] 994 A.2d 1083, 1089 (Pa. 2010). **If the Superior Court did not think that the Commonwealth offered good reasons for its requests, it would have denied them. . . .** Furthermore, even if the Commonwealth failed to exercise due diligence in filing its brief, it only resulted in [49] days of delay.

**Appellant filed his appellate brief on February 1, 2010, and the Superior Court scheduled oral argument for April 7, 2010. . . . This delay was not due to a lack of due diligence on the Commonwealth and was beyond its control. Therefore, January 4, 2010 to April 7, 2010 (93 days) was excusable delay.**

**[On April 6, 2010, the Commonwealth requested a continuance of oral argument due to illness of the prosecutor**. This Court granted the continuance and rescheduled to June 8, 2010. The trial court concluded, "**No matter how diligent an individual may be, he has no control over an inability to attend a hearing due to an illness. The court finds the time from April 7, 2010 to June 8, 2001 (62 days) is excusable delay**.

**On May 10, 2010, the Commonwealth again requested a continuance.** Defendant's Exhibit 5. The reason was that **several days earlier the Superior Court had scheduled another case of the prosecutor's for an argument in Philadelphia on the same date and at the same time that**

> **the Superior Court scheduled this case for an argument in Harrisburg. Defendant's Exhibit 8**. Obviously, the prosecutor could not be in two different places at the same time. The Superior Court granted the Commonwealth's continuance request and rescheduled the argument to August 24, 2010. **The court finds that the time from June 8, 2010 to August 24, 2010 (77 days) is excusable delay**.
>
> The Superior Court rendered its decision on October 25, 2010, and remitted the record on or about December 2, 2010. The time from the oral argument on August 24, 2010 to the remittal of the record on December 2, 2010 (100 days) was judicial delay that occurred despite the Commonwealth's diligence and was beyond the Commonwealth's control; therefore, it constitutes excusable delay.

Lower Court Opinion, 10/22/20, at 2-5. This timely appeal followed.

In Appellant's brief, he raises one issue for our review:

> Whether the trial court abused its discretion when it denied Appellant's motion to dismiss pursuant to Pa.R.Crim.P. 600 and subsequently denied Appellant's post-sentence motion *nunc pro tunc* seeking review of the trial court's Rule 600 opinion where the Commonwealth failed to produce *any* evidence that it acted diligently to bring the instant matter to trial during the more than four years the instant case was pending between the filing of the complaint and commencement of trial?

Appellant's brief at 8.

We review an order granting or denying a Rule 600 motion for an abuse of discretion. *See Commonwealth v. Roles*, 116 A.3d 122, 125 (Pa.Super. 2015). In determining if there was such an abuse, we view the facts in the light most favorable to the prevailing party. *Id*. Our scope of review is limited to the trial court's findings and the evidence of record from the Rule 600 proceeding, which we view in the light most favorable to the prevailing party. *Commonwealth v. Bethea*, 185 A.3d 364, 370 (Pa.Super. 2018).

Pursuant to the version of Pa.R.Crim.P. 600 that was in effect during all periods pertinent to this case, the Commonwealth had 365 days to bring Appellant to trial. Specifically, Rule 600(A)(3) provided, "Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed." **See** Rule 600 (effective July 1, 2000–June 30, 2013). Subsection (B) of Rule 600 provided "[f]or the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere." Pa.R.Crim.P. 600(13).

Herein, however, we calculate the 365 days under Rule 600 by starting on when the complaint was filed and ending when Appellant filed his motion to dismiss. **Commonwealth v. Hyland**, 875 A.2d 1175, 1189 (Pa.Super. 2005).

Former Rule 600(C) identified certain periods of excludable time that are not included in the calculation to determine whether the Commonwealth violated the 365–day period. Those periods stem from, *inter alia,* a defendant's express waiver of Rule 600, delays resulting from the defendant's unavailability, or a request for a continuance. **Commonwealth v. Miskovitch**, 64 A.3d 672, 677 (Pa.Super. 2013). In addition, our case law recognizes the legal construct of excusable delay to "account [for] delays which occur as a result of circumstances beyond the Commonwealth's control

and despite its due diligence." ***Commonwealth v. Peterson***, 19 A.3d 1131, 1137 (Pa.Super. 2010) *(en banc), aff'd,* 44 A.3d 655 (Pa. 2012).

Notably, the current iteration of Rule 600, which became effective in 2013 after the relevant time in the case *sub judice*, instructs in its subsection (C) that the 365-day computation of time shall include periods of delay caused by the Commonwealth when the Commonwealth has failed to exercise due diligence, whereas any other period of delay shall be excluded from the computation:

> **(C) Computation of Time**
>
> For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Rule 600(C).

The comment to the current Rule 600(C), however, makes clear that it derives from controlling decisional law interpreting the requirements of the prior iteration of Rule 600:

> For purposes of determining the time within which trial must be commenced pursuant to paragraph (A), paragraph (C)(1) makes it clear that any delay in the commencement of trial that is not attributable to the Commonwealth when the Commonwealth has exercised due diligence must be excluded from the computation of time. Thus, the inquiry for a judge in determining whether there is a violation of the time periods in paragraph (A) is whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. ***See, e.g., Commonwealth v. Dixon***, 589 Pa. 28, 907 A.2d 468 (2006); ***Commonwealth v. Matis***, 551 Pa. 220, 710 A.2d 12 (1998). If

- 18 -

the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded. ***See***, ***e.g.***[,] ***Commonwealth v. Browne***, 526 Pa. 83, 584 A.2d 902 (1990); ***Commonwealth v. Genovese***, 493 Pa. 65, 425 A.2d 367 (1981). In determining whether the Commonwealth has exercised due diligence, the courts have explained that "[d]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***See***, ***e.g.,*** [ ]***Selenski***, 606 Pa [at] 61, 994 A.2d [at] 1089 [ ] (citing ***Commonwealth v. Hill*** and ***Commonwealth v. Cornell***, 558 Pa. 238, 256, 736 A.2d 578, 588 (1999)).

Pa. R. Crim. P. 600, comment.

As such, the former and current Rule 600 are substantially similar for our present purposes of discerning the Commonwealth's exercise of due diligence during the relevant time. ***See Commonwealth v. Harth***, 252 A.3d 600, 617 (Pa. 2021) ("requiring the Commonwealth to demonstrate that it acted with due diligence before a trial court excludes time from its Rule 600 time computation on the basis of "judicial delay" comports with the language of Rule 600(C)(1) and its commentary, the purpose behind the rule, *and our prior jurisprudence interpreting Rule 600 and its predecessor*.") (emphasis added); ***Commonwealth v. Wiggins***, 248 A.3d 1285 (Pa.Super. 2021) (observing general dictates of new Rule 600 remained the same as they were prior to adoption, but noting prior distinctions between excludable time and

excusable delay were abandoned for streamlined review of Commonwealth's

due diligence, with any lack thereof constituting "includable time").[3]

Due diligence "is fact-specific, to be determined case-by-case; it does

not require perfect vigilance and punctilious care, but merely a showing the

Commonwealth has put forth a reasonable effort." *Id*. at 701-02 (quoting

*Selenski*, 994 A.2d at 1089). This standard reflects the recognition that Rule

---

[3] The Pennsylvania Supreme Court has aptly set forth an overview of the requirements and computational approach of current Rule 600, as follows:

> Rule of Criminal Procedure 600 requires that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Per the associated computational guidance, periods of delay at any stage of the proceedings caused by the Commonwealth when it has failed to exercise due diligence are to be counted in the 365–day tally. *See id.* 600(C)(1). The rule further directs that "[a]ny other periods of *delay* shall be excluded from the computation." *Id.* (emphasis added). Failure to meet the rule's prompt-trial requirement constitutes grounds for dismissal. *See id.* 600(D)(1).

*Commonwealth v. Mills*, 162 A.3d 323, 324 (Pa. 2017) (emphasis in original). *See also* Pa.R.Crim.P. 600, cmt. ("[A]ny delay in the commencement of the trial that is not attributable to the Commonwealth *when the Commonwealth has acted with due diligence* must be excluded from the computation of time.") (emphasis added).

"[T]he Commonwealth is required to demonstrate that it acted with due diligence during a time period before that period can be deemed excludable." *Harth*, 252 A.3d at 617. Therefore, "[j]udicial delay becomes relevant only after the Commonwealth has proven its compliance with the due diligence mandate." *Id*. (quoting *Mills*, 162 A.3d at 327 (Wecht, J., concurring)); *see also Commonwealth v. Hawk*, 597 A.2d 1141, 1145 (Pa. 1991) (recognizing requirement that Commonwealth exercise due diligence at all times during pendency of a case).

600 has the dual purpose of protecting defendants' constitutional right to a speedy trial and society's countervailing right to effective prosecution of criminal cases, *Commonwealth v. Barbour*, 647 Pa. 394, 189 A.3d 944, 955 (2018)." *Harth*, 252 A.3d at 617. Due diligence must be demonstrated by a preponderance of the evidence. *Commonwealth v. Bradford*, 46 A.3d 693, 701 (Pa. 2012).

Deciding a Rule 600 motion entails the following analysis. First, the court must determine the "mechanical run date"—that is, 365 days from the date of the filing of the complaint. *Bethea*, 185 A.3d at 371. Second, the court must determine whether any periods of delay are "excludable." *Id*. Excludable time for this purpose includes several possible periods of time: (1) the time between the filing of the written complaint and the defendant's arrest, if the defendant could not be apprehended because the defendant's whereabouts were unknown and could not be determined by due diligence; (2) any time for which the defendant expressly waives Rule 600; (3) delay resulting from the unavailability of the defendant or the defendant's attorney, and (4) any continuance at the request of the defendant or the defendant's attorney. *Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa.Super. 2004). We "add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date." *Bethea*, 185 A.3d at 371 (quoting *Commonwealth v. Wendel*, 165 A.3d 952, 956 (Pa.Super. 2017)) (emphasis omitted).

If the trial did not occur before the adjusted run date, we then must determine whether the additional delay was excusable. Excusable delay for purposes of Rule 600 is any delay that was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. **Hunt**, 858 A.2d at 1241.

> A defendant who has not been brought to trial within the time specified in Rule 600(A) may, at any time prior to trial, "file a written motion requesting that the charges be dismissed with prejudice on the ground that [the] rule has been violated." Pa.R.Crim.P. 600(D)(1). If the trial court determines that the Commonwealth violated Rule 600, it shall dismiss the charges and discharge the defendant. **See** [**Commonwealth v.**] **Burno**, 154 A.3d [764, 793. Pa. 2017)].

**Harth**, 252 A.3d at 615.

Certainly, the "Commonwealth's good-faith interlocutory appeal constitute[s] excusable delay under Rule 600, even if the Commonwealth was unsuccessful on the merits of its claim." **Risoldi**, 238 A.3d at 452. Nonetheless, because the Commonwealth's duties under Rule 600 extend throughout all stages of a case, **Harth**, 252 A.3d at 616; **Hawk**, 597 A.2d at 1145, it is required to act with reasonable diligence pursuing an interlocutory appeal by right. **See Matis**, **supra**.

Thus, for example, if the Commonwealth unreasonably fails to take proper steps to invoke this Court's jurisdiction in such an appeal, the delay incurred counts against the Commonwealth. **See Commonwealth v. Malinowski**, 671 A.2d at 678. Another example of where the Commonwealth has not used time to bring a defendant's case closer to trial is when an appeal

cannot be decided and merely awaits a dismissal; such a record goes against diligence. **See Dixon, supra** ("Commonwealth must do everything reasonable within its power to guarantee that a trial begins on time").

Appellant argues the Commonwealth failed to show at the post sentence hearing *nunc pro tunc* that it had acted with due diligence to advance its interlocutory appeal, but the record demonstrates that the preponderance of evidence admitted at the hearing supported each of the trial court's line-by-line due diligence determinations.

On the issue of what effect the Commonwealth's interlocutory appeal should have on the Rule 600 computation in the case *sub judice*, the trial court appropriately found guidance in **Matis** and its progeny. Recently, in **Risoldi**, this Court provided a most salient discussion of **Matis** and the principles that informed it:

> Risoldi argues that 648 days of non-excusable delay occurred when the Commonwealth motioned for the trial court's recusal and appealed from the denial of that motion. Again, Risoldi argues that the recusal motion and subsequent appeal were entirely frivolous, such that the time attributed to those proceedings cannot be excusable delay under Rule 600.
>
> As acknowledged by Risoldi, the case most directly on point addressing the effect of a Commonwealth appeal on a Rule 600 motion is [**Matis**].[] There, the Commonwealth sought a continuance of a trial date, averring that it had been unable to subpoena an essential witness for trial and would be unable to prove the elements of its case without her. **Id.** at 14. The trial court denied the motion and the Commonwealth filed a notice of appeal on the day of trial, certifying that the trial court's denial had substantially impaired the prosecution. **Id.** at 15. Ultimately, this court quashed the appeal and denied the Commonwealth's motion for reconsideration. **Id**. When the case was remanded to

the trial court, the defendant filed a Rule 600 motion alleging that the Commonwealth "failed to exercise due diligence in bringing him to trial and filed a frivolous appeal in bad faith from a non-appealable interlocutory order for the sole purpose of delaying the trial." *Id*.

The trial court granted the motion, finding that while the Commonwealth had not acted in bad faith, it did not exercise due diligence in bringing the defendant to trial. *Id*. The Commonwealth appealed and this court reversed. *Id*. On further review, our Supreme Court held that "[i]f the Commonwealth files a pre-trial appeal in bad faith without the right to do so, it fails to exercise due diligence pursuant to [Rule 600]." *Id.* at 17 (citation omitted). However, the Court further recognized that "a pre-trial appeal by the Commonwealth can serve as a proper basis to extend the period for commencement of trial pursuant to [Rule 600]," such as when the Commonwealth certifies that a trial court's suppression order has substantially handicapped the prosecution. *Id.* at 17-18 (citing *Jones v. Commonwealth*, 495 Pa. 490, 434 A.2d 1197 (1981)). The court noted that such a certification is sufficient to protect against the filing of frivolous interlocutory appeals. *Id.* at 18.

Thus, notwithstanding the fact that this court had quashed the Commonwealth's interlocutory appeal, the Supreme Court in *Matis* held that the time period during which the interlocutory appeal had been pending was excusable delay during which the Commonwealth had exercised due diligence. *Id.* at 19. Moreover, since the trial court had found that the Commonwealth did not act in bad faith in filing the appeal, it was a valid interlocutory appeal. *Id.* Because the Commonwealth exercised due diligence in certifying the interlocutory appeal, the Supreme Court affirmed this court's reversal of the order discharging the defendant. *Id.*; *compare* [ ]*Malinowski*, 671 A.2d [at] 679-80 [ ](holding that the Commonwealth failed to exercise due diligence in filing an interlocutory appeal when it did not certify that the suppression order substantially handicapped the prosecution, rendering the order unappealable).

*Matis* is consistent with prior holdings of this court that the Commonwealth's good-faith interlocutory appeal constituted excusable delay under Rule 600, even if the Commonwealth was unsuccessful on the merits of its claim. *See*, *e.g.*, *Commonwealth v. Ferri*, 410 Pa.Super. 67, 599 A.2d 208, 210

(1991) (holding that four-year delay for Commonwealth's appeal of a denied motion for severance did not violate Rule 600); ***Commonwealth v. Coleman***, 341 Pa.Super. 160, 491 A.2d 200, 202 (1985) (holding that Commonwealth's interlocutory appeal did not violate Rule 600 when the Commonwealth had a right to appeal that would be moot after trial and there was no evidence that the Commonwealth took the appeal as a delay tactic). Thus, the Commonwealth need not be successful in its interlocutory appeal to establish due diligence for the purposes of Rule 600.

The Commonwealth is entitled to a pre-trial appeal in some circumstances in a criminal case. ***See*** Pa.R.A.P. 311(d) (Interlocutory Appeals as of Right); Pa.R.A.P. 313 (Collateral Orders).[] Given the length of the appellate process, this right would be largely illusory if the Commonwealth could not exercise it without certainty that it would succeed on the merits. This court has previously recognized that the Commonwealth may appeal an order denying its recusal motion pursuant to Pa.R.A.P. 313. ***Commonwealth v. Stevenson***, 829 A.2d 701, 704 (Pa. Super. 2003). In ***Stevenson***, we emphasized that double jeopardy protections preclude the Commonwealth from challenging the denial of a recusal motion if it loses its case, while a defendant who wishes to challenge the denial of a recusal motion retains the right to post-sentencing appellate review. ***Id***. An appeal pursuant to Pa.R.A.P. 313 protects the Commonwealth's interest in a trial free from bias, prejudice, unfairness or the appearance thereof.

Under all of these circumstances, the Commonwealth in this case was entitled to appeal from the trial court's order denying its motion to recuse, regardless of the fact that this court ultimately affirmed the trial court's order. There is no indication in the record that the Commonwealth took the appeal in bad faith or as a means to delay trial. ***Matis***, ***supra***. Even though the Commonwealth was unsuccessful on appeal, it had a legitimate interest in ensuring the fairness and impartiality of the trial court and it was entitled to protect that interest through appellate review. As such, the Commonwealth exercised due diligence and the period during which the motion to recuse and subsequent appeal were litigated is excusable delay under Pa.R.Crim.P. 600(C)(1). As neither of the periods of delay challenged by Risoldi result in a violation of Rule 600, the trial court did not abuse its discretion in denying the motion to dismiss.

***Risoldi***, 238 A.3d at 451–53.

We find the rationale in **Risoldi** applies with full force to support the trial court's determination that the time dedicated to the Commonwealth's interlocutory appeal in the present matter qualified as excusable delay. Here, the Commonwealth's certification of its appeal was accepted by this Court, as was its filing of the record, appellate brief, and its presentation of oral argument, all of which contributed to a largely successful outcome of gaining reinstatement of most charges that had been dismissed by order of the trial court. Under the **Matis** rubric as discussed in **Risoldi**, therefore, we agree the Commonwealth was duly diligent during the time of its interlocutory appeal.

Though the trial court relied on **Matis** to conclude the Commonwealth's interlocutory appeal constituted excusable delay, it nevertheless elected to act in an abundance of caution by engaging in a more granular due diligence assessment of the Commonwealth's post-notice of appeal actions that were preconditions to gaining Superior Court review on the merits. Specifically, these actions included the requisite tasks of assembling a complete record with transcripts for transmission and presenting its issues through written brief and oral argument. We find that, in so doing, the court's more particular due diligence review conforms to the **Harth**/**Mills** paradigm, outlined *infra*, of applying excusable delay or excludable time only after determining that the Commonwealth was duly diligent during the relevant pretrial period.

We, therefore, accept the scope of the court's extended due diligence review and adopt its explanation as to why the Rule 600 computation should

add time for the three-month period in which the Commonwealth failed to secure complete and available transcripts from the stenographer and forward them to the Lycoming Clerk of Courts for inclusion in the certified record to be sent to the Superior Court.

As such, it becomes clear that the outcome of Appellant's Rule 600 claim in its post-sentence motion *nunc pro tunc* turns on whether the six-month delay associated with the Clerk of Court's failure to transmit the certified record to the Superior Court is included in or excluded from the computation, as the remaining points of contention regarding delay associated with receiving briefing extensions and continuances from this Court are neither meritorious nor of sufficient magnitude to take the computation above 365 days. ***See infra***.

After consideration of precedent, we find that ***Bradford*** compels the decision that the Commonwealth satisfied due diligence standards of the era when it delivered a complete and transmissible record to the clerk of courts and thereafter relied on the court to discharge its duties under the Pennsylvania Rules of Appellate Procedure to transmit the record to the Superior Court within 60 days. ***See*** Pa.R.A.P. 1931. The six-month delay occasioned by the clerk of courts' inexplicable inaction therefore constituted a period of judicial delay excludable from the Rule 600 calculations.

***Bradford*** involved a Rule 600 motion to dismiss charges when the Commonwealth failed to bring defendant to trial for more than one year after defendant's preliminary hearing. In fact, the Commonwealth had lost track of

defendant's case after the preliminary hearing because the court of common pleas never received the file of defendant's case from the magisterial district judge ("MDJ"). The Commonwealth thus claimed that it had relied on the MDJ to forward timely to the court of common pleas the relevant file pursuant to Pennsylvania Rule of Criminal Procedure 547(B) (requiring the MDJ to prepare and transmit the preliminary hearing transcript to the clerk of the proper court within 5 days).

After a hearing, the trial court entered an order granting the defendant's motion to dismiss, and a divided panel of this Court affirmed, with the majority finding the Commonwealth failed to act with due diligence which required it to employ a record keeping system to track cases for Rule 600 purposes. *Bradford*, at 632. The dissent opined the Rule 600 violation resulted not from lack of due diligence but from judicial noncompliance with our rules of procedure, which caused a breakdown in the operations of the court over which the Commonwealth had no control. *Id.* at 639-49.

The Supreme Court granted review on the question of whether this Court erred in ruling the trial court correctly determined the Commonwealth had failed to act with due diligence in bringing the defendant to trial. In reversing, the Court distinguished the case before it from prior decisions in which Rule 600 violations were caused by the Commonwealth's failure to carry out the routine duties of its office through use of simple case tracking systems. *Bradford*, 46 A.3d at 704-705.

On this point, our Supreme Court observed, the duties in ***Bradford*** lay with the MDJ who bore responsibility to follow "the specific, mandatory Rules of Criminal Procedure, which placed upon the District Judge the obligation to transmit timely papers to the common pleas court." ***Id***. at 704. We, therefore, "[did] not find it unreasonable for the District Attorney to have relied upon the Magisterial District Judge's compliance with the Rules of Criminal Procedure to trigger its internal tracking system," which consisted of receiving an electronic message from the Office of Court Records upon receipt of the file from the MDJ.[4] ***Id***.

Having performed the work necessary to place the minor judiciary in the position of carrying out its duty under not a "self-designed custom or practice" but, instead, "the specific, mandatory Rules of Criminal Procedure, which placed upon the District Judge the obligation to transmit timely papers to the common pleas court[,]" the Commonwealth had put forth, in the Supreme Court's estimation, the reasonable effort necessary to a showing of due diligence on its part. ***Id.*** at 704, 705.

"Even assuming the facts in a light most favorable to the Defendant as the prevailing party," the Court concluded, "the trial court abused its discretion by misapplying the law when it concluded that reliance upon the Magisterial

---

[4] We take judicial notice of the virtually identical modes of notification at work in ***Bradford*** (common pleas court sends electronic notice to Commonwealth that it has received file) and in the case *sub judice* (appellate court prothonotary immediately gives notice to all parties of the date on which record was received and filed, and shall give notice to all parties of the date, if any, for the filing of the brief of the appellant. ***See*** Pa.R.A.P. 1934).

District Judge's obligation to comply with the Rules of Criminal Procedure did not constitute due diligence." ***Id.*** at 705.

The ***Bradford*** decision was endorsed by both the ***Mills*** majority and concurrence: "As the Majority notes, we recognized 'judicial delay' as a concept, and ultimately determined that the delay in Bradford's case was attributable to the judiciary, not to the Commonwealth. ***Bradford***, 46 A.3d at 702-05. However, we did so only after finding the Commonwealth had exercised due diligence by relying upon the MDJ's office to advance the case. ***Id***." ***Mills***, 162 A.3d at 327 (Wecht concurring).[5]

Nevertheless, the ***Mills*** concurrence admonished that a future case repeating ***Bradford***'s peculiar facts of reliance-without-verification followed by significant delay may not be met with the same favorable result, given recent advances in case/record tracking capabilities. Of import for our present purposes, however, is that the Commonwealth's 2008 reliance at issue in the case *sub judice* preceded the 2017 admonition in ***Mills*** by nine years.

Therefore, we deem no error with the trial court's decision to categorize as excludable "judicial delay" the Lycoming County Clerk of Court's six-month delay in transmitting the record to this Court.

Finally, as noted, we briefly address this Court's series of orders granting the Commonwealth's motions requesting extensions of the briefing schedule

---

[5] The concurring opinion's observation in Rule 600 of a "linear construction" mandating due diligence review prior to addressing judicial delay was later adopted by the majority in ***Harth***.

and continuances of oral argument. With respect to the Commonwealth's receipt of a 49-day extension of its briefing deadline, a review of the record shows the Commonwealth's detailed explanation that an unusually heavy appellate workload, much of which involved synchronous, pressing obligations on the Supreme Court's capital docket, was offered to and accepted by this Court, thus allaying any concern that the Commonwealth was idly "sitting on its hands" in disregard of its obligations to put forth a reasonable effort to complete its brief in light of Appellant's speedy trial rights.

As for the motions to continue oral argument, the first alleged the prosecutor's illness, which this Court accepted. The second request for continuance explained that this Court had listed the prosecutor's other case about one week prior to listing the present case to the same argument date, Tuesday, June 8, 2010, at 8:30 a.m. The motion therefore sought to retain the listing for the first case scheduled for this date and time and to reschedule the present matter "to a future date," because counsel could not be in two places at the same time.

This open-ended request, as stated, suggested readiness for argument on any future date, including the following day of oral argument, Wednesday, June 9, 2010, particularly where the motion also indicated that undersigned counsel was familiar with the record and had thoroughly researched the law governing the issues raised, formulated the arguments to be presented to the Superior Court, and written the briefs that were filed in this Court. The circumstances surrounding the motion, therefore, are consistent with a finding

of continued due diligence in preparing for oral argument throughout the relevant time. ***Cf. Harth***, 252 A.3d at 616 (citing precedent acknowledging Commonwealth is not accountable for delay where prosecutor is ready for trial but court calendar did not accommodate it).

For the foregoing reasons, we conclude that the lower court appropriately denied Appellant's post sentence motion for Rule 600 relief as devoid of merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/04/2021